# EXHIBIT A

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)
JUNE 2020
000384
E-Filing Number: 2006017849

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| HAROLD GOODMAN | LOWE'S HOME IMPROVEMENT |
| PLAINTIFF'S ADDRESS<br>350 VISTA DRIVE<br>PHOENIXVILLE PA 19460 | DEFENDANT'S ADDRESS<br>113 BLUEBIRD LANE<br>MILLVILLE NJ 08332 |
| PLAINTIFF'S NAME | DEFENDANT'S NAME<br>LOWE'S HOME CENTERS, LLC |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS<br>1605 CURTIS BRIDGE ROAD<br>WILKESBORO NC 28697 |
| PLAINTIFF'S NAME | DEFENDANT'S NAME |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 2 | [X] Complaint [ ] Petition Action [ ] Notice of Appeal<br>[ ] Writ of Summons [ ] Transfer From Other Jurisdictions |

AMOUNT IN CONTROVERSY
- [ ] $50,000.00 or less
- [X] More than $50,000.00

COURT PROGRAMS
- [ ] Arbitration
- [ ] Jury
- [X] Non-Jury
- [ ] Other:
- [ ] Mass Tort
- [ ] Savings Action
- [ ] Petition
- [ ] Commerce
- [ ] Minor Court Appeal
- [ ] Statutory Appeals
- [ ] Settlement
- [ ] Minors
- [ ] W/D/Survival

CASE TYPE AND CODE
2S - PREMISES LIABILITY, SLIP/FALL

STATUTORY BASIS FOR CAUSE OF ACTION

RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)

FILED
PRO PROTHY
JUN 08 2020
A. SILIGRINI

IS CASE SUBJECT TO COORDINATION ORDER?
YES NO

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: HAROLD GOODMAN

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | | ADDRESS |
|---|---|---|
| SEAN M. FULMER | | SCHATZ & STEINBERG<br>1500 JFK BLVD. SUITE 1300<br>2 PENN CENTER<br>PHILADELPHIA PA 19102 |
| PHONE NUMBER<br>(215)845-0250 | FAX NUMBER<br>(215)845-0255 | |
| SUPREME COURT IDENTIFICATION NO.<br>309245 | | E-MAIL ADDRESS<br>sfulmer@s2firm.com |
| SIGNATURE OF FILING ATTORNEY OR PARTY<br>*SEAN FULMER* | | DATE SUBMITTED<br>Monday, June 08, 2020, 11:52 am |

FINAL COPY (Approved by the Prothonotary Clerk)

**SCHATZ & STEINBERG, P.C.**
**By: Sean M. Fulmer, Esquire**
**Identification No. 309245**
**Two Penn Center, Suite 1300**
**1500 John F. Kennedy Boulevard**
**Philadelphia, PA 19102**
**(215) 845-0250**

*Attorney for Plaintiff*

| | | |
|---|---|---|
| **HAROLD GOODMAN**<br>350 Vista Drive<br>Phoenixville, PA 19460,<br><br>**Plaintiff,**<br><br>**v.**<br><br>**LOWE'S HOME IMPROVEMENT**<br>113 Bluebird Lane<br>Millville, NJ 08332,<br><br>**And**<br><br>**LOWE'S HOME CENTERS, LLC**<br>1605 Curtis Bridge Road<br>Wilkesboro, NC 28697,<br><br>**Defendants,** | : | **COURT OF COMMON PLEAS**<br>**PHILADELPHIA COUNTY**<br><br>**JUNE TERM, 2020**<br><br>**NO.** |

## CIVIL ACTION COMPLAINT
## NELIGENCE – 2S – PREMISES LIABILITY

**NOTICE**

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint & Notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

PHILADELPHIA COUNTY BAR ASSOCIATION
Lawyer Referral & Information Service
One Reading Center, 1101 Market Streets, Philadelphia, Pennsylvania 19107
(215) 238-1701

**AVISO**

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias deplazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de s persona. Sea avisado que si used no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder u otros derechos importantes para usted.

LLEVE ESTSASS DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO. VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PAPA AVAERIGUAR DONDE SE PAEDE CONSEGUIR ASISTENCIA LEGAL.

ASOCIACION DE LICENCIADOS DE FILADELFIA
Servico De Referencia E Informacion Legal
One Reading Center, 1101 Market Streets, Filadelfia, Pennsylvania 19107
(215) 238-1701

**SCHATZ & STEINBERG, P.C.**
**By: Sean M. Fulmer, Esquire**
**Identification No. 309245**
**Two Penn Center, Suite 1300**
**1500 John F. Kennedy Boulevard**
**Philadelphia, PA 19102**
**(215) 845-0250**

***Attorney for Plaintiff***

| | | |
|---|---|---|
| **HAROLD GOODMAN,** | : | **COURT OF COMMON PLEAS PHILADELPHIA COUNTY** |
| **Plaintiff,** | : | **JUNE TERM, 2020** |
| **v.** | : | **NO.** |
| **LOWE'S HOME IMPROVEMENT,** | : | |
| **And** | : | |
| **LOWE'S HOME CENTERS, LLC,** | : | |
| **Defendants.** | : | |

**CIVIL ACTION COMPLAINT**
**NEGLIGENCE – 2S – PREMISES LIABILITY**

1. Plaintiff, Harold Goodman, is an adult individual, residing at the above-captioned address.

2. Defendant, Lowe's Home Improvement ("Lowe's"), is a business, company, entity, partnership, franchise, fictitious name, proprietorship or corporation existing and/or qualifying under the laws of the Commonwealth of Pennsylvania, with a registered office for the acceptance of service or a principal place of business at the above-captioned address.

3. Defendant, Lowe's Home Centers, LLC ("Lowe's"), is a business, company, entity, partnership, franchise, fictitious name, proprietorship or corporation existing and/or qualifying under the laws of the Commonwealth of Pennsylvania, with a registered office for the acceptance

of service or a principal place of business at the above-captioned address.

4. On or about July 31, 2018, Defendant, Lowe's, owned possessed, inspected, maintained, repaired, and/or controlled and/or had the right to control the inside of the Lowe's Home Improvement store located at 113 Bluebird Lane, NJ.

5. On or about July 31, 2018, Plaintiff was a business invitee inside the Lowe's Home Improvement store located at 113 Bluebird Lane, NJ when a box containing flooring material opened, causing the flooring material to fall onto Plaintiff resulting in serious and permanent injuries, which are more fully set forth herein.

6. At all times relevant hereto, Defendants acted by and through their agents (actual, apparent or ostensible), servants, workmen, employees and/or officers, all of whom were then and there acting within the course and scope of their duties, agency, employment or authority for Defendant.

7. At all times relevant hereto, Plaintiff relied upon the fact that Defendants would maintain its store in a safe manner and Defendants' failure to maintain the store as aforesaid increased the risk of harm to the Plaintiff.

8. This accident was caused solely from the negligence and carelessness of Defendants and was in no manner whatsoever due to any act of negligence on the part of Plaintiff.

**COUNT I – NEGLIGENCE**
**HAROLD GOODMAN v. LOWE'S**

9. Plaintiff, Harold Goodman, hereby incorporates the preceding paragraphs as if same were set forth at length herein.

10. The aforesaid accident was caused by the negligence and carelessness of Defendants, acting as aforesaid, which negligence and/or carelessness consisted, inter alia, of the following:

(a) failing to properly, completely and thoroughly inspect the property;
(b) failing to promptly and carefully post warning signs, cones, and/or post notices to warn individuals of the dangerous condition;
(c) allowing the said hazardous and dangerous condition to exist once created;
(d) failing to inspect and failing to establish a policy of inspection;
(e) failing to maintain proper and adequate quality control or assurance procedures, inspections and/or monitoring in regard to the maintenance of the subject box;
(f) failing to properly and adequately warn Plaintiff of the dangers of the subject box, which Defendants knew or in the exercise of due care should have known existed;
(g) failing to discovery or take the proper steps and measures to discover the existence of a dangerous, defective or hazardous condition in the subject box;
(h) failing to establish a policy for removing boxes from shelves;
(i) otherwise acting in a manner that was negligent and careless at law and in fact all of which a reasonable person would have known or in the exercise of reasonable care should have known caused an unreasonable risk of harm to the public and more particularly to Plaintiff herein;
(j) violating applicable ordinances and property maintenance codes for the City of Philadelphia and the Commonwealth of Pennsylvania as well as such other statutes and case law governing the maintenance of property; and
(k) such other acts of negligence and carelessness as may be adduced through discovery or at trial.

11. As the direct and proximate result of Defendants' negligence, Plaintiff sustained severe and multiple injuries, both internal and external, to and about his body, and extremities and/or the aggravation of pre-existing conditions thereto, if any, with injury to his bones, joints, nerves and nervous system, including, but not limited to: back, shoulder, neck, arms, internal injuries of an unknown nature, severe aches, pains, mental anxiety and anguish, severe shock to his entire nervous system, exacerbation of all known and unknown pre-existing medical conditions, if any, and other injuries that will represent a permanent and substantial impairment of Plaintiff's bodily functioning that substantially impairs Plaintiff's ability to perform his daily life activities, and the full extent of which is not yet known.

12. As a further result of the said accident, Plaintiff has suffered severe pain, mental anguish, humiliation, and embarrassment, and he will continue to suffer same for an indefinite period of time in the future.

13. As a further result of the said accident, Plaintiff has and will probably in the future, be obliged to receive and undergo medical attention, which was or will be reasonable and necessary arising from the aforesaid accident and will otherwise incur various expenditures for the injuries he has suffered.

14. As a further result of the said accident, Plaintiff has incurred medical expenses that were reasonable, necessary, and causally related to the aforesaid accident as a result of the injuries he sustained in this accident.

15. As a further result of the said accident, Plaintiff has been unable to attend to his daily chores, duties, and occupations, and he will be unable to do so for an indefinite time in the future, all to his great financial detriment and loss.

16. As a further result of the said accident, Plaintiff has and will suffer severe loss of his earnings and/or impairment of his earning capacity.

**WHEREFORE**, Plaintiff demands judgment against Defendants for damages in excess of fifty-thousand dollars ($50,000.00) together with interest and costs of suit.

**SCHATZ & STEINBERG, P.C.**

**By:** Sean Fulmer
SEAN M. FULMER, ESQUIRE
Attorney for Plaintiff

Dated: June 8, 2020

**VERIFICATION**

I, Sean M. Fulmer, Esquire, hereby verifies that he is attorney for Plaintiff herein states that the statements in the foregoing Complaint are true and correct to the best of his knowledge, information and belief, and makes these statements subject to the penalties of 19 Pa. C.S.A § 4904 related to unsworn falsification to authorities.

Sean Fulmer

SEAN M. FULMER, ESQUIRE

Date: June 8, 2020